IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert W. Gaynor, | ) | C/A No. 0:10-2724-MBS-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Edsel Taylor, *Warden*, | ) | |
| Respondent. | ) | |

Robert W. Gaynor ("Gaynor"), a state prisoner who was initially self-represented but currently is represented by counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 17.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 19.) Tara D. Shurling, Esquire, filed a notice of appearance on behalf of Gaynor and a response in opposition to the respondent's motion. (ECF Nos. 23 & 30.) The respondent filed a reply. (ECF No. 32.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

### BACKGROUND

Gaynor was indicted in August 2005 in Charleston County for possession with intent to distribute methamphetamine (05-GS-10-6028), manufacturing methamphetamine (05-GS-10-6029), unlawful possession of ephedrine (05-GS-10-6030), and possession of a weapon during the commission of a violent crime (05-GS-10-6031). (App. at 141-46, ECF No. 18-1 at 143-48.)

Page 1 of 14

PJG

Gaynor was represented by Ted Smith, Esquire, and on May 24, 2006 pled guilty as charged pursuant to a negotiated plea agreement.[1] (App. at 11, 13-14, ECF No. 18-1 at 13, 15-16.) The circuit court sentenced Gaynor to fifteen years' imprisonment for possession with intent to distribute methamphetamine (3rd offense), fifteen years' imprisonment for manufacturing methamphetamine (3rd offense), ten years' imprisonment for unlawful possession of ephedrine, and five years' imprisonment for possession of a weapon during the commission of a violent crime, all sentences to be served concurrently. (App. at 23, ECF No. 18-1 at 25.) Gaynor did not file a direct appeal.

On November 21, 2006, Gaynor filed a *pro se* application for post-conviction relief ("PCR") in which he raised issues of ineffective assistance of counsel, asserted that his plea was not knowing and voluntary, and claimed that the trial court lacked subject matter jurisdiction. (Gaynor v. State of South Carolina, 06-CP-10-4597; App. at 26-32, ECF No. 18-1 at 28-34.) In his accompanying brief, Gaynor presented the following questions:

(A)     Was the plea conditional?

(B)     Was the plea in violation of Boykin v. Alabama due to the State's coercion and threats to enter the plea?

(C)     Was the plea in violation of Boykin v. Alabama due to the State's factual basis to the plea court as to a third offense of the S.C. Statutes involved?

(D)     Did the plea court lack subject matter jurisdiction to enter a conviction or impose a sentence?

(E)     Was counsel's advise [*sic*] to enter the plea erroneous constituting ineffective assistance rendering the plea invalid?

(F)     Are South Carolina's Drug Statutes as written unconstitutional based upon three vital principles of law?

---

[1] Pursuant to the plea agreement, the State dismissed three counts of unlawful conduct toward a child. (See App. at 2, 128, ECF No. 18-1 at 4.)



(App. at 38, ECF No. 18-1 at 40.)  The State filed a return.  (App. at 64-70, ECF No. 18-1 at 66-72.) On July 25, 2008, the PCR court held an evidentiary hearing at which Gaynor appeared and testified and was represented by Benjamin Stitely, Esquire.  (App. at 71-130, ECF No. 18-1 at 73-132.)  By order filed September 8, 2008, the PCR judge denied and dismissed with prejudice Gaynor's PCR application.  (App. at 134-40, ECF No. 18-1 at 136-42.)  The court's order specifically addressed Gaynor's claims regarding ineffective assistance of counsel and involuntary guilty plea and dismissed all other allegations.  (Id.)  Gaynor filed a notice of appeal with the South Carolina Supreme Court on October 1, 2008.  (ECF No. 18-2.)

In his PCR appeal, Gaynor was represented by M. Celia Robinson, Esquire, Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a petition for a writ of certiorari on May 1, 2009 that presented the following issue:

> Did the PCR judge err in denying relief despite counsel for petitioner's providing ineffective assistance of counsel in advising his accused client to enter a guilty plea to third offenses of manufacturing and PWID methamphetamine despite the fact that existing authority required that petitioner's prior offenses be merged into one for enhancement purposes so that, without his plea, petitioner could not have been sentenced as a third time offender and despite counsel's ineffectively failing to explain the law to his client before encouraging petitioner to volunteer for fifteen year prison sentence?

(ECF No. 18-3 at 3.)  The State filed a return.  (ECF No. 18-4.)  In a letter order filed May 14, 2010, the South Carolina Supreme Court denied Gaynor's petition.  (ECF No. 18-5.)  The remittitur was issued on June 2, 2010.  (ECF No. 18-6.)

## FEDERAL HABEAS ISSUE

In Gaynor's federal petition for a writ of habeas corpus, he raises the following issue:

**Ground One:** The Petitioner was denied his 6th Amendment right to effective assistance of counsel based on counsel's misinterpretation of law regarding use of Petitioner's prior convictions for sentence enhancement.

(ECF No. 1).

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the



Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Respondent's Motion for Summary Judgment**

    **1.    Ineffective Assistance of Trial Counsel**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by



the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's



written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court).

In his Petition, Gaynor alleges that his plea counsel was ineffective based on Gaynor's assertion that counsel misinterpreted the law regarding the use of Gaynor's prior convictions for a sentence enhancement. Gaynor argues that the PCR court made an unreasonable determination of the facts and that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. Specifically, Gaynor appears to allege that his counsel was ineffective in advising him to plead guilty to a third offense drug charge when Gaynor argued at the PCR hearing that it was in fact a second offense. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court properly applied the Strickland test in determining that no Sixth Amendment violation occurred.

The PCR court, in considering Gaynor's allegations, observed that Gaynor testified that "he never intended on going to trial, and fifteen (15) years was the best offer he received from the solicitor." (App. at 136, ECF No. 18-1 at 138.) However, the PCR court also found that Gaynor "asserted that counsel should not have allowed him to plead to third offenses since he did not have two prior offenses for those charges." (Id.) Contrarily, plea counsel testified that the State had a strong case against Gaynor, which included video evidence, and that there was no option to get a better offer than fifteen years from the solicitor. (Id.; App. at 101-02, ECF No. 18-1 at 103-04) (plea counsel's testimony indicating that he repeatedly asked the solicitor's office for a more favorable plea agreement to no avail). Plea counsel stated that in speaking with the solicitor about whether it was a third offense, the solicitor stated that he was relying on Page v. South Carolina Department



of Public Safety, 495 S.E.2d 220 (S.C. Ct. App. 1997), in support of his position that it was in fact a third offense. Plea counsel also testified that he "asked [Gaynor] numerous times if he understood that he could proceed to trial if there was a question about whether he had two prior offenses on the same charge;" however, plea counsel also stated that based on the solicitor's stated intention to go forward with the charge as a third offense, he advised Gaynor to accept the plea offer. (App. at 136, ECF No. 18-1 at 138; see also App. at 109, ECF No. 18-1 at 111) (plea counsel's testimony stating that he discussed with Gaynor "the possibility of . . . a judge making a determination as to whether it was a second or third offense").

The PCR court found plea counsel's testimony to be credible and that Gaynor's testimony was not credible. The PCR court observed that plea counsel had extensive experience in the trial of serious offenses and that he conferred with Gaynor on numerous occasions. The PCR court also found that plea counsel discussed with Gaynor "the pending charges, the elements of the charges and what the State was required to prove, [Gaynor's] constitutional rights, [Gaynor's] version of the facts, and possible defenses or lack thereof." (App. at 138, ECF No. 18-1 at 140.) In determining that the plea was entered voluntarily and intelligently, the PCR court found that Gaynor "fully understood the terms of the negotiated sentence, and he received the benefit of the bargain. [Gaynor] understood that he could proceed to trial if he wished to challenge his prior record and he understood the consequences of the plea." (Id.) PCR counsel presented the case of State v. Boyd, 341 S.E.2d 144 (S.C. 1986), in support of Gaynor's position that the drug charges should have been a second rather than third offense. The PCR court reviewed this case, as well as the case relied on by the solicitor, and PCR counsel's arguments; however, the PCR court found that these cases were not dispositive of the issues before the court and that the facts were different in Gaynor's case.

Applying the Strickland test to this case, the PCR court found that Gaynor failed to meet his burden of proof and that plea counsel's testimony reflected proper representation under Strickland. In reaching this conclusion, the PCR court observed that plea counsel "met with the solicitor to discuss the issues about [Gaynor's] prior record, and counsel advised [Gaynor] based on his discussions with the solicitor. Counsel believed that pleading guilty and receiving the fifteen-year negotiated sentence was in [Gaynor's] best interest." (App. at 138-39, ECF No. 18-1 at 140-41.) Accordingly, the PCR court found that plea counsel "demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina" and that his representation did not fall below an objective standard of reasonableness. Therefore, the PCR court found that Gaynor failed to demonstrate the first prong of the Strickland test, and as Gaynor failed to show that counsel's performance was deficient, the court found that Gaynor's claim of ineffective assistance of counsel was without merit. (App. at 139, ECF No. 18-1 at 141.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Gaynor cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Further, Gaynor has not clearly shown that the PCR court's credibility determinations were without support. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.").

Gaynor argues that his position that the drug offenses should have been considered second offenses was controlled by the decision of State v. Boyd, 341 S.E.2d 144 (S.C. 1986), and is supported by S.C. Code Ann. § 17-25-50. The PCR court reviewed this case and found that it was



not dispositive of the issues before the court and that the facts were different in Gaynor's case. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Further, as observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785. The court finds that Gaynor has failed to demonstrate that the PCR court's determination that plea counsel was not deficient was an unreasonable application of the Strickland test.[2]

### 2. Other Issues

Finally, Gaynor's response in opposition to the respondent's motion for summary judgment appears to focus primarily on new issues or theories that are not properly before the court. As stated above, Gaynor's Petition alleges only that plea counsel was ineffective based on Gaynor's assertion that counsel misinterpreted the law regarding the use of Gaynor's prior convictions for a sentence

---

[2] Even if Gaynor could demonstrate that counsel was deficient, he has not established prejudice. The court observes that at the time of Gaynor's charges and sentencing, although the charges of possession with intent to distribute methamphetamine and manufacturing methamphetamine second offense carried a lower minimum sentence than possession with intent to distribute methamphetamine and manufacturing methamphetamine third offense, the maximum sentence Gaynor could have received for either of these charges, regardless of whether they were a second or third offense, was thirty years. S.C. Code Ann. § 44-53-375(B). As stated by plea counsel and the PCR court, if Gaynor had opted to challenge the solicitor's position with regard to his prior record he could have proceeded to trial; however, the court observes he may not have received all the potential benefits of the negotiated plea, including the negotiated fifteen-year sentence and dismissal of three charges for unlawful conduct towards a child. Further, although Gaynor argues to the contrary, plea counsel testified that the solicitor had a strong case against Gaynor which included video evidence, and the situation was worsened by Gaynor's prior record and paraphernalia that was confiscated. Accordingly, Gaynor cannot establish a reasonable probability that, but for plea counsel's ineffective representation—assuming constitutionally deficient representation—Gaynor would not have pleaded guilty and would have insisted on going to trial, in which case he would have faced up to thirty years, if convicted, on two of the charges.



enhancement. Specifically, Gaynor appeared to allege that his counsel was ineffective in advising him to plead guilty to a third offense drug charge when Gaynor argued at the PCR hearing that it was in fact a second offense. In his response, he argues for the first time that counsel was ineffective in misadvising him regarding the minimum sentence he faced and possibly in misadvising him as to the strength of the solicitor's case. These claims were not raised in Gaynor's Petition; nor did he seek leave to amend his Petition to add these claims. Therefore, these issues and theories are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"). Similarly, to the extent that Gaynor is attempting to raise a freestanding claim that his guilty plea was not knowingly and voluntarily made, this issue was not presented in Gaynor's Petition.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 17) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 15, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).