IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert W. Gaynor, #315628,                    )<br>                                                                 )<br>                         Petitioner,           )<br>                                                                 )<br>    vs.                                                        )<br>                                                                 )<br>Edsel Taylor, Warden of MacDougall  )<br>Correctional Institution,                        )<br>                                                                 )<br>                         Respondent.          )<br>_____) | C/A No. 0:10-2724-MBS-PJG<br><br><br><br>**OPINION AND**<br>**O R D E R** |

      Petitioner Robert W. Gaynor is a prisoner in the custody of the South Carolina Department of Corrections who currently is housed at the Marlboro County Jail. Petitioner, represented by counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully. Petitioner seeks relief in the form of vacatur of his conviction and/or sentence and a remand to the state court.

      This matter is before the court on Respondent's motion for summary judgment filed February 22, 2011. ECF No. 17. By order filed February 23, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 19. Petitioner filed a response in opposition to Respondent's motion on May 17, 2011. ECF No. 30. Respondent filed a reply on May 27, 2011. ECF No. 32.

      In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge issued a Report and Recommendation on August 15, 2011, in which she recommended that summary judgment be granted. ECF No. 33. On September 12, 2011, Petitioner filed

objections to the Report and Recommendation. ECF No. 38.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

On August 8, 2005, Petitioner was indicted in Charleston County, South Carolina for: 1) one count of possession of methamphetamine with intent to distribute on or about June 30, 2005; 2) one count of manufacturing methamphetamine on or about June 30, 2005; 3) one count of unlawful possession of ephedrine on or about June 30, 2005; 4) one count of possession of a weapon during the commission of a violent crime;[1] 5) one count of willfully violating the South Carolina Pollution Control Act on or about June 30, 2005; and 6) three counts of unlawful conduct towards a child on or about June 30, 2005. ECF No. 18-1 at 141-146; ECF No. 18-7 at 7-26. On May 24, 2006, Petitioner appeared before Judge Kenneth G. Goode in the Charleston County Court of General Sessions and pleaded guilty to possession of methamphetamine with intent to distribute, manufacture of methamphetamine, unlawful possession of ephedrine, and possession of a weapon during the commission of a violent crime. ECF No. 18-1 at 1-24.

---

[1] Although a copy of this indictment is not included in the record, both parties refer to it.

Petitioner was represented by Ted Smith, Assistant Public Defender for Charleston County. *Id.* at 1. Petitioner's remaining charges were dropped. ECF No. 18-7 at 7-26. Judge Goode sentenced Petitioner to fifteen years imprisonment for possession of methamphetamine with intent to distribute as a third offense; fifteen years imprisonment for manufacturing methamphetamine as a third offense; ten years imprisonment for possession of ephedrine; and five years imprisonment for possession of a weapon during the commission of a violent crime. ECF No. 18-1 at 23. All sentences were ordered to be served concurrently. *Id.* Petitioner did not file a direct appeal.

On November 26, 2006, Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") in state court. ECF No. 18-1 at 26-32. Petitioner asserted the following grounds in his application for PCR:

1. Petitioner alleged that his guilty plea was invalid because it was conditional and because South Carolina law required guilty pleas to be unconditional.

2. Petitioner alleged that his guilty plea was involuntary.

3. Petitioner alleged that the factual basis for his plea was incorrect because his prior offenses should have been counted as only a single offense rather than two offenses.

4. Petitioner alleged that the plea court lacked subject matter jurisdiction to enter a conviction or impose a sentence on any of the indictments.

5. Petitioner alleged that his lawyer rendered ineffective assistance by advising Petitioner to plead guilty to a third offense when the facts and law established that it was only a second offense.

6. Petitioner alleged that South Carolina's drug statutes are unconstitutional as written.

*Id.* at 38-55.

An evidentiary hearing was held on July 25, 2008. ECF No. 18-1 at 71. Petitioner was

represented by counsel. *Id.* Petitioner testified regarding the circumstances of his two prior convictions for methamphetamine offenses. Petitioner testified that he was arrested on May 9, 2004, for possession of methamphetamine after a traffic stop in Dorchester County. *Id.* at 80-81. Petitioner further testified that while being held in jail, police obtained a warrant to search his house in Charleston County, resulting in a subsequent drug charge on May 11, 2004. *Id.* at 81-82. Petitioner's counsel characterized the subsequent drug charge as the result of a "continuing investigation stemming from the traffic stop." *Id.* at 82.

Petitioner testified that after his arrest for the offenses giving rise to his current petition, Ted Smith was appointed as his attorney. ECF No. 18-1 at 85-86. Petitioner stated that he had "not a whole lot" of conversations with Mr. Smith while he was in jail, but that he did have an opportunity to discuss his case with Mr. Smith. *Id.* at 86. When asked whether he had an opportunity to discuss his criminal history with Mr. Smith, Petitioner stated "I'm sure we touched on it," and then added "I mean nothing to any extent." *Id.* at 87.

Petitioner testified that Mr. Smith brought him an offer from the Solicitor's Office to plead to a term of fifteen years imprisonment for a third offense of manufacturing methamphetamine and possession of methamphetamine with intent to distribute. ECF No. 18-1 at 88. Petitioner acknowledged that this was the mandatory minimum for a third offense, and that the mandatory minimum for a second offense was five years. *Id.* at 88-89. Petitioner testified that he remembered the solicitor saying that if he did not take the plea, he would be facing a mandatory minimum of twenty-five years. *Id.* at 90. Petitioner testified that the solicitor had stated before the plea court that Petitioner's "only criminal history was . . . a singular conviction nine months before." *Id.* at 91. Petitioner stated that he pleaded guilty

"[b]ecause [he] didn't want to face getting twenty-five years." *Id.* at 92. Petitioner testified that he asked Mr. Smith to try to get a lower plea deal, but that Mr. Smith had stated that the Solicitor's Office would not budge. *Id.* at 93-94.

Mr. Smith also testified at the PCR hearing. Mr. Smith testified that he "[went] over the facts with [Petitioner]" and that "the State had a pretty good case against him." ECF No. 18-1 at 101. Mr. Smith further testified that he asked the Solicitor's Office "probably twenty times" to agree to a lower sentence but was consistently refused. *Id.* at 101-02. Mr. Smith opined that he was unable to get a better deal because a third offense carries a fifteen-year mandatory minimum. *Id.* at 102. Mr. Smith testified that he performed specific case law research regarding Petitioner's prior record. *Id.* at 103. On cross-examination, Mr. Smith testified that he had discussed with Petitioner the possibility, based on the proximity of Petitioner's two prior convictions, of the trial judge making a determination that the current offense was only a second offense. *Id.* at 109. In response to a question from the PCR judge, Mr. Smith testified that he discussed with the solicitor whether the offense was a second or third offense, and that the solicitor relied on a South Carolina treatise on drug litigation and *Page v. South Carolina Department of Highways and Public Safety*, 495 S.E.2d 220 (S.C. 1997), in determining that it was a third offense. *Id.* at 111-12.

On September 8, 2008, the PCR judge issued an Order of Dismissal denying Petitioner's application for PCR. ECF No. 18-1 at 134-40. The PCR judge, citing *Strickland v. Washington*, 466 U.S. 668 (1984), noted that in an ineffective assistance of counsel claim "the proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases." *Id.* at 137. The PCR judge further noted that "courts presume that

5

counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment," and that "[t]he applicant must overcome this presumption." *Id.*

The PCR judge found Petitioner's testimony not credible and found Mr. Smith's testimony credible. ECF No. 18-1 at 138. The PCR judge found that Mr. Smith "conferred with [Petitioner] on numerous occasions" and "discussed the pending charges, the elements of the charges and what the State was required to prove, [Petitioner's] constitutional rights, [Petitioner's] version of the facts, and possible defenses or lack thereof." *Id.* The PCR judge found that "the plea was entered voluntarily and intelligently," and that Petitioner "understood that he could proceed to trial if he wished to challenge his prior record." *Id.* The PCR judge noted that although "[Petitioner's] PCR attorney presented a salient argument, as well as pertinent cases, in support of [Petitioner's] claims," the cited case law was "not dispositive to the present situation." *Id.* The PCR judge noted that Mr. Smith "met with the solicitor to discuss the issues about [Petitioner's] prior record" and "advised [Petitioner] based on his discussions with the solicitor, . . . believ[ing] that pleading guilty and receiving the fifteen-year negotiated sentence was in [Petitioner's] best interest." *Id.* at 138-39. Accordingly, the PCR judge found that Petitioner had failed to demonstrate that Mr. Smith did not "render reasonably effective assistance under prevailing professional norms." *Id.* at 139. Further, the PCR judge found that Petitioner had failed to present any evidence regarding the remaining issues in his application for PCR. *Id.*

The South Carolina Office of Appellate Defense, on Petitioner's behalf, filed a petition for writ of certiorari with the South Carolina Supreme Court on May 1, 2009. ECF No. 18-3. The petition presented the following sole issue for appeal:

> Did the PCR judge err in denying relief despite counsel for [P]etitioner's
> providing ineffective assistance of counsel in advising his accused client to enter
> a guilty plea to third offenses of manufacturing and [possession with intent to
> distribute] methamphetamine despite the fact that existing authority required that
> [P]etitioner's prior offenses be merged into one for enhancement purposes so that,
> without his plea, [P]etitioner could not have been sentenced as a third time
> offender and despite counsel's ineffectively failing to explain the law to his client
> before encouraging [P]etitioner to volunteer for a fifteen year prison sentence?

ECF No. 18-3 at 3. On May 14, 2010, the South Carolina Supreme Court denied the petition.

ECF No. 18-5. Remittitur was sent down on June 2, 2010. ECF No. 18-6.

Petitioner filed the within § 2254 petition on October 21, 2010. ECF No. 1. Petitioner asserts the following ground for relief:

> Petitioner was denied his 6th Amendment right to effective assistance of counsel
> based on counsel's misinterpretation of law regarding use of Petitioner's prior
> convictions for sentence enhancement.

*Id.* at 5.

The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

## II.  STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) he is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and any inferences drawn from the facts should be viewed in a light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings; rather she must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324.

An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct. Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When a state appellate court affirms a lower court decision without a reasoned opinion, the reviewing court may look through the later, unreasoned disposition and focus on the last reasoned disposition of the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).

A decision is "contrary to" clearly established federal law if it either applies a legal rule that contradicts prior Supreme Court holdings or reaches a conclusion different from that of the Supreme Court "on a set of materially indistinguishable facts." *Buckner v. Polk*, 453 F.3d 195, 198 (4th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A decision is an "unreasonable application" of clearly established federal law if it "unreasonably applies" a Supreme Court precedent to the facts of the petitioner's claim. *Id.* (quoting *Williams*, 529 U.S. at 413). The court's "review is . . . deferential because [the court] cannot grant relief unless the

state court's result is legally or factually unreasonable." *Bell v. Jarvis*, 236 F.3d 149, 163 (4th Cir. 2000) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)).

## III. DISCUSSION

The Magistrate Judge found that Petitioner could not "demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting [his] claim or that the PCR court made objectively unreasonable factual findings." ECF No. 33 at 11. The Magistrate Judge noted Petitioner's argument that under *State v. Boyd*, 341 S.E.2d 144 (S.C. 1986), and S.C. Ann. § 17-25-50, his drug offenses should have been counted as second offenses rather than third offenses. *Id.* However, the Magistrate Judge found that "the PCR court reviewed this case and found that it was not dispositive of the issues before the court and that the facts were different in [Petitioner's] case," and noted that a federal habeas corpus court may not reexamine state court determinations of state law questions. *Id.* at 11-12; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Magistrate Judge found that Petitioner could not demonstrate that the PCR court's determination that plea counsel was not deficient was an unreasonable application of *Strickland*. ECF No. 33 at 12. Further, the Magistrate Judge found that even if Petitioner could demonstrate that plea counsel was deficient, he could not demonstrate prejudice. *Id.* at n.2. The Magistrate Judge noted that had Petitioner gone to trial, he would have faced a maximum thirty-year sentence regardless of whether the offenses were found to be second or third offenses, and that additional charges had been dismissed in the plea deal. *Id.* Based on the plea counsel's testimony that the case against Petitioner was strong, the Magistrate Judge found that Petitioner could not demonstrate a reasonable probability that he would have gone to trial but for counsel's alleged deficient performance. *Id.*

Petitioner contends that the Magistrate Judge erred in upholding the PCR judge's determination that Petitioner had not received ineffective assistance of counsel.  ECF No. 38 at 6-7.  Petitioner describes at length the facts underlying his two prior convictions and presents an analysis of why this conduct should be considered only one offense under South Carolina law. *See id.* at 2-5.  Petitioner also contends that "he was led to believe that he faced a mandatory minimum sentence of twenty[-]five . . . years on these offenses, when, even as third offenses, they actually carried a minimum of only fifteen . . . years."  *Id.* at 6.  Petitioner "acknowledges that, as set forth in *Estelle*, the federal habeas court will not re-examine whether the South Carolina case of *State v. Boyd* was more or less applicable to [Petitioner's] prior convictions." *Id.* at 5.  "Nevertheless," Petitioner argues, "the Court can still readily determine that Petitioner was misadvised that his offenses would *necessarily* be categorized as third offenses and that his attorney was likewise ineffective in failing to advise him of the correct mandatory minimum sentence."  *Id.*

To prove ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient when it is not reasonable under prevailing professional norms.  *Id.* at 688.  Petitioner also must demonstrate that he was prejudiced by counsel's alleged deficient performance, that but for counsel's unprofessional errors, the result of the proceeding would have been different.  *See id.* at 694.  However, a habeas petitioner who has pleaded guilty must show a reasonable probability that, but for counsel's errors, he would have gone to trial rather than pleaded guilty.  *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  The Supreme Court has cautioned that while "[s]urmounting

*Strickland*'s high bar is never an easy task[,] . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (quotation omitted).

The record establishes that the mandatory minimum for the third-offense drug charges Petitioner faced was fifteen years imprisonment. The basis for the solicitor's claim that Petitioner would face a twenty-five year mandatory minimum at trial is not clear from the record. It is, therefore, not clear whether through some combination of enhancements and additional charges dropped pursuant to the plea deal Petitioner actually would have faced a twenty-five year mandatory minimum at trial, or whether the solicitor was in error. Regardless, plea counsel's advice to accept a plea deal of fifteen years when Petitioner was facing a fifteen- to thirty-year sentence as well as additional charges cannot be considered deficient performance, particularly in light of the strong case against Petitioner.

The record demonstrates that, contrary to Petitioner's contention, plea counsel did not advise Petitioner that his offenses would "necessarily" be categorized as third offenses; rather, counsel advised that Petitioner could challenge this at trial. The PCR judge found that it was not clear under South Carolina law whether Petitioner's two prior convictions should be counted as two offenses or one offense. This Court may not reexamine this finding on a matter of state law. Further, even assuming a strong case could be made under state law for counting the prior convictions as one offense, the solicitor did not agree with this interpretation and was not willing to offer a plea deal involving less than fifteen years imprisonment. If plea counsel had disagreed with solicitor's interpretation, his only option would have been to advise Petitioner to go to trial and challenge the calculation of the prior offenses. Given the strong case against Petitioner, and

11

the additional charges and thirty-year maximum that he would have faced by going to trial, counsel advised Petitioner to accept a negotiated sentence of fifteen years.  This does not constitute deficient performance, and the PCR court's determination that the first prong of *Strickland* was not satisfied was not an unreasonable interpretation of clearly established federal law or an unreasonable determination of the facts.

Even if the first prong of *Strickland* were satisfied, Petitioner cannot demonstrate a reasonable probability that he would have gone to trial but for counsel's alleged deficient performance.  As explained above, Petitioner's fifteen-year negotiated sentence was not unreasonable in light of the sentence he would have faced at trial and his substantial probability of conviction.  There is no indication that Petitioner would have chosen to risk trial but for the alleged errors of counsel.  Accordingly, Petitioner's claim of ineffective assistance of counsel must fail.

## IV.  CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge.  Defendant's motion for summary judgment is granted and the case dismissed.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 30, 2011

**NOTICE OF RIGHT TO APPEAL**

12

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**